IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel T.D. Lancaster, ) | |
| ) | C.A. No. 05-0595-HMH-WMC |
| Plaintiff, ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| The Spartanburg County Building Codes ) | |
| Department, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02.[1] Samuel T.D. Lancaster ("Lancaster") brought a pro se action on February 24, 2005. Magistrate Judge William M. Catoe recommends dismissing Lancaster's complaint without prejudice and without issuance and service of process. Lancaster filed objections to the Report and Recommendation. After a thorough review of the record and the Magistrate Judge's Report and Recommendation, the court declines to adopt the Report and Recommendation and dismisses Lancaster's case on an alternate basis.

I. FACTUAL AND PROCEDURAL BACKGROUND

Lancaster is a landowner in Spartanburg County. On June 10, 2001, Lancaster was issued a citation for violating a provision of the Spartanburg County Property Maintenance Code

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

("ordinance") and was ordered by the Spartanburg County Building Codes Department ("SCBCD")[2] to remove junk vehicles from his property. On June 19, 2001, Lancaster appealed the citation to the Spartanburg County Building Codes Board of Appeals ("Board of Appeals"), requesting a variance and lodging numerous complaints. The Board of Appeals held a hearing on September 24, 2001, and affirmed the citation.

Lancaster appealed the Board of Appeals' decision to the South Carolina Court of Common Pleas for Spartanburg County. On appeal, Lancaster argued that the SCBCD colluded against him and violated his rights to equal protection. (Compl. at 4.) However, the court found that Lancaster's "allegations of collusion and violation of equal protection were not raised to and ruled on by the Board and therefore [were] procedurally barred" under South Carolina law. Spartanburg County Building Codes Board of Appeals v. Lancaster, C.A. No. 2001-CP-42-3287, slip op. at 2 (S.C. Ct. Comm. Pl. Mar. 22, 2002) (unpublished). The court further concluded that there was substantial evidence to support the Board of Appeals' decision, and affirmed it. Id. at 3.

Lancaster appealed the court's decision to the South Carolina Court of Appeals. The Court of Appeals found that "the circuit court was correct in finding [that] Lancaster's collusion and equal protection arguments were procedurally barred." Spartanburg County Building Codes Board of Appeals v. Lancaster, No. 2004-UP-055, slip op. at 2 (S.C. Ct. App. Jan. 28, 2004) (unpublished). The court also affirmed the Court of Common Pleas' determination that there was sufficient evidence to support the Board of Appeals' decision. Id. at 2-3.

---

[2]The defendant in the instant action is the Spartanburg County Building Codes Department, not the Spartanburg County Building Codes Board of Appeals. The plaintiff in the companion case, C.A. No. 7:05-594-HMH-WMC, is the Spartanburg County Building Codes Board of Appeals.

2

Lancaster filed a petition for writ of certiorari to the South Carolina Supreme Court. His petition was denied on January 6, 2005.

On February 8, 2005, the Board of Appeals filed a notice and motion to show cause to enforce the Court of Common Pleas' order requiring Lancaster to comply with the ordinance ("state action").³ Lancaster filed the instant action on February 24, 2005. Lancaster asks for the following relief:

> Plaintiff is requesting this Court to require Defendant to show evidence of any and all Citations having been issued against any and all of the seven, enumerated and photographed, neighboring violations of "health and safety issues" such as that served on Plaintiff by the Defendant's original Citation of June 19, 2001, and/or simply drop all legal proceedings initiated by Defendant's original Citation against the Plaintiff.

(Compl. at 5.) In his Report, Magistrate Judge Catoe recommends dismissing Lancaster's complaint. Lancaster filed objections to Report and Recommendation on April 1, 2005.

## II. Discussion of the law

Upon review of the relevant law and the record in this case, the court declines to adopt the Report and Recommendation. The Magistrate Judge found that the Rooker-Feldman doctrine deprives this court of jurisdiction to hear Lancaster's case and recommended dismissal on that basis. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); (Rept. at 4-6.). Lancaster objects, arguing that the court has jurisdiction to review his case and that the Rooker-Feldman doctrine does not bar the court from hearing his equal protection claim. Even assuming that Lancaster's

---

³Lancaster filed a notice of removal of the state action on February 24, 2005. The Plaintiff in the state action, the Board of Appeals, filed a motion to remand the case to the Court of Common Pleas for Spartanburg County. The court is addressing that motion in the companion case.

3

arguments are correct, the court abstains from exercising jurisdiction over this case because exercising jurisdiction is prohibited by Younger v. Harris, 401 U.S. 37 (1971), and its progeny.

The Younger doctrine holds that

a federal court should abstain from interfering in a state proceeding, even though it has jurisdiction to reach the merits, if there is (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit.

Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003). Although Younger applies to criminal actions, the United States Supreme Court has extended Younger to apply to "civil cases in which important state interests were at stake, such as a nuisance action." Moore v. City of Asheville, North Carolina, 396 F.3d 385, 393 (4th Cir. 2005) (citing Huffman v. Pursue et al., 420 U.S. 592, 604 (1975)); see, e.g., Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619, 628 (1986) ("[E]limination of prohibited sex discrimination is a sufficiently important state interest" to bring state administrative proceedings by a civil rights commission within the ambit of Younger); Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 434-35 (1982) (finding that Younger prevents federal court intervention in ongoing state disciplinary proceedings because the state has a sufficiently important interest in maintaining and assuring the professional conduct of the attorneys it licenses).

In Moore, the United States Court of Appeals for the Fourth Circuit affirmed the district court's application of Younger and decision to stay a case in which the plaintiff had filed an action under 42 U.S.C. § 1983, seeking a declaratory judgment, injunctive relief, and damages as a result of the City of Ashville's enforcement of its noise ordinance. 396 F.3d at 387. The plaintiff in Moore, Carroll Moore ("Moore"), had been cited for street preaching. Although

4

Moore had paid the fines before bringing his action, he had not appealed administratively or to the state courts. Id. In determining whether Younger applied, the Fourth Circuit noted that the "core *Younger* concerns" were "'(1) whether the federal action was 'duplicative,' (2) whether it cast a 'direct aspersion on the capabilities and good faith of state appellate courts,' (3) whether it was 'disruptive' of the State's important interests, and (4) whether the federal action was 'designed to annul the results of [the] state trial.'" Id. at 394 (quoting Huffman, 420 U.S. at 608-09). The court clarified that Younger commands "federal restraint when the federal action . . . casts aspersion on state proceedings, disrupts important state *enforcement* efforts, and is designed to annul a state proceeding." Id. at 394-95 (emphasis added). The court concluded that "the *Younger* doctrine applies to bar federal court reconsideration of state coercive proceedings even when the state proceedings have ended, as long as the federal proceeding casts aspersion on the state proceedings or annuls their results." Id. at 395.

Pursuant to Moore, Younger applies to the instant case. Spartanburg County's attempt to enforce its county ordinance and the appellate decisions of the South Carolina courts are coercive state proceedings. Moreover, unlike the state proceedings in Moore, which had concluded, the state proceedings in the instant case are ongoing.[4] Additionally, allowing this case to go forward would cast aspersion on the state proceedings because, assuming Lancaster's allegations are true, the Board of Appeals denied Lancaster relief on his equal protection claim, and his citation was affirmed on appeal in the state courts. Lancaster is presently seeking (1) to have the court require the Board of Appeals provide information concerning its prosecution (or

---

[4] This court is remanding the companion case to the Court of Common Pleas for Spartanburg County, where the Board of Appeals is seeking to enforce its decision to require Lancaster to comply with the ordinance.

lack thereof) of his neighbors and/or (2) to have the citation against him dropped. Granting either or both would directly undermine the results of the state proceedings. Further, allowing this case to go forward may disrupt the state's interests in enforcing the citation, as the relief Lancaster seeks is to have the citation dropped. Finally, and most significantly, given the relief that Lancaster is requesting, there is no question that this action was designed to annul the results of the state proceedings. Hence, the court concludes that, pursuant to Moore, Younger applies to this case. However, the inquiry does not end there.

"The Supreme Court has recognized that in 'extraordinary circumstances,' federal courts have discretion to disregard the 'strong federal policy against federal court interference with pending state judicial proceedings.'" Nivens, 319 F.3d at 154 (quoting Middlesex, 457 U.S. at 431). Applying Middlesex, the Fourth Circuit in Nivens held that "a federal court must abstain from interfering with an ongoing state proceeding where a litigant has an opportunity to raise and have timely decided by a competent state tribunal the federal issues involved and . . . no bad faith, harassment, or other exceptional circumstances dictate to the contrary." Nivens, 319 F.3d at 153, 154 (internal quotations omitted).

The holdings of Moore, Middlesex, and Nivens require this court to abstain from exercising jurisdiction over the case. First, as analyzed above, Moore strongly supports the application of Younger to this case. Second, Lancaster has had an opportunity to raise his federal issues before a state tribunal, the Board of Appeals, and he vigorously argues that he raised his claims before the Board of Appeals. (Obj. at 2-3, 5, 6.) Third, there are no extraordinary circumstances that permit this court to interfere in the state judicial proceedings; there is no bad faith, harassment, or other exceptional circumstance that requires the court to assume jurisdiction over this case. Therefore, the court abstains from exercising jurisdiction

over this case and dismisses the case, without prejudice, pursuant to Younger and its progeny.[5] See, e.g., Freedman, Levy, Kroll, and Simonds v. Mendelson, No. 00-2050, 2001 WL 627590, at *2 (4th Cir. June 7, 2001) (unpublished) (explaining that dismissal without prejudice is proper when a court is abstaining on Younger grounds).

It is therefore

**ORDERED** that Lancaster's action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 25, 2005

### NOTICE OF RIGHT TO APPEAL

The plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[5]Because the court is not relying on the analysis contained in the Report and Recommendation, the court declines to further address either the Report and Recommendation or the objections to the Report.